UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DARRELL L. PADGETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-450-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN F. HOSTEN, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is before the Court for screening of Petitioner Darrell L. Padgett's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2243. Through this action, Padgett seeks to challenge the Bureau of Prisons' ("BOP") computation of his current sentence. In particular, he alleges that the BOP has improperly calculated the commencement of his sentence and failed to give him 192 days of prior jail credits.

Because Padgett is proceeding *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *See Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *see also Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Here, because the Court finds that the BOP's computation of

-1-

Padgett's sentence is accurate, and because Padgett has failed to present any argument on which relief can be granted, his petition will be denied and this action will be dismissed, *sua sponte*.

## I.   Background

Padgett is currently confined in the Federal Correctional Institution in Manchester, Kentucky, and has paid the District Court filing fee.  [Record Nos. 3, 5]  The following is a summary or construction of the relevant dates and allegations, as presented in Padgett's petition, Memorandum of Law, and the exhibits attached to the petition.  [Record No. 3]

On October 11, 1990, Padgett was arrested by local police in McDowell County, West Virginia.  He was subsequently sentenced for malicious wounding on April 24, 1991, and released from custody on an appeal bond.  Soon thereafter, on June 4, 1991, Padgett was arrested by federal authorities on a criminal complaint for distribution of cocaine base.  On June 7, 1991, the United States District Court for the Southern District of West Virginia conducted a hearing and ordered Padgett detained to allow McDowell County authorities the opportunity to revoke the state appeal bond.  Then, on June 18, 1991, Padgett was indicted on the federal drug charges.[1]

On June 19, 1991, federal authorities relinquished custody of the Petitioner to the state of West Virginia, and Padgett was taken to the West Virginia Department of Corrections by the McDowell County Sheriff.  According to the exhibits, Padgett remained in state custody and received credit toward the state sentence for all time spent in custody from the June 19, 1991, to August 24, 1993, when he was paroled by the state.

---

[1]      The BOP has given him prior custody credits toward his federal sentence for the June 4, 1991, to June 19, 1991, time period. [*See* Record No. 3, Ex. I p.6]

-2-

However, Padgett was not constantly in the physical custody of the state authorities during this time.  Pursuant to a writ of habeas corpus *ad prosequendum*, the United States Marshal Service ("USMS") "borrowed" him for appearances in federal court, including his arraignment on the federal cocaine charges on July 3, 1991; the federal trial before a jury on October 31, 1991; and imposition of his prison sentence on January 30, 1992.  Judgment was entered in connection with the federal charges on February 12, 1992, and Padgett was sentenced to 450 months imprisonment, to "be served consecutively to any federal or state sentence." [Record No. 3, Ex. J]   After the sentencing, Padgett remained in state custody until his parole on August 24, 1993, at which time he was surrendered to the USMS pursuant to a detainer.

  In calculating Padgett's federal sentence, the BOP determined that the commencement of service was the date Padgett was actually surrendered to the USMS, on August 24, 1993.  In doing so, the BOP relied on 18 U.S.C. § 3585(a), which provides that a sentence does not begin until the prisoner is received in federal custody for service of his sentence.  Further, the BOP determined that Padgett was not entitled to credit for time served in state custody from June 19, 1991, to August 24, 1993 because he had already received credit for that time in his state sentence.  *See* 18 U.S.C. § 3585(b) (permitting prior custody credit only for time spent in official detention "that has not been credited against another sentence").

Several years later, in approximately 1995 or 1996, Padgett challenged the BOP's determination of his commencement date and argued that he was entitled to prior custody credits for all of the time which he spent in custody from his federal arrest until August 24, 1993.  The

exhibits show he was denied these credits in 1996 and pursued administrative appeals to the highest levels of the BOP.  He exhausted the administrative process in March of 1997.

In the present Petition, Padgett argues that the BOP has improperly calculated his sentence as beginning on October 4, 1993 – the date he actually arrived at his prison.  He contends that the actual starting date for service of his federal sentence should be the day that he was sentenced (January 30, 1992).  In support of this assertion, he has attached a page from the transcript of the sentencing hearing, in which the Court stated "If there's nothing further then, at this time I will remand the defendant to the custody of the United States Marshal pending transfer to the designated institution." [Record No. 3, Ex. G]  Because the USMS did not immediately take him to a BOP facility, as instructed, Padgett claims the USMS "dropped the ball," and must calculate his sentence from the date of his sentencing despite their failure to take him into custody.

Padgett also claims that he should be awarded prior jail credits for the period from June 4, 1991, to August 24, 1993, under the doctrine of primary custody.  He contends that although the State initially had primary jurisdiction over him, that jurisdiction "was relinquished when he was released on a state appeal bond and subsequently arrested by federal authorities . . . .  As a consequence, the federal authorities had priority of jurisdiction. . . ."  He further asserts that, "the federal authorities allowed the state authorities to take custody . . . for purpose of revoking his state appeal bond, [and] the state authorities did so on June 19, 1991," and that  "on July 17, 1991, the federal authorities assumed custody . . . from a previous court order remanding him

to state custody on July 3, 1991. . . .  From the date of July 17, 1991 forward, Mr. Padgett was in exclusive custody of the federal authorities." [Record No. 3]

Based on these allegations, Padgett contends that this Court should rule that the date of his federal sentencing (January 30, 1992) is the latest date that BOP should use to calculate his sentence.  Additionally, Padgett argues that  the Court should direct the BOP to award him prior custody credits for at least July 17, 1991, to January 29, 1992 – the 192 days he was in custody preceding his federal sentencing.

**II.    Discussion**

Title 18 of the United States Code, § 3585, gives the BOP the exclusive authority to determine when a prisoner's sentence "commences" and how to calculate any credit to be given the prisoner for time already served.  *Ruggiano v. Reish*, 307 F.3d 121, 132 (3rd Cir. 2002).  This section provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585.

Padgett complains that the BOP did not begin the running of his sentence until the date he actually arrived at his prison (October 4, 1993). However, the exhibits attached to the petition refute this contention. The BOP print-out reveals that the federal sentence has been calculated as commencing on August 24, 2003, the date when Padgett was paroled and turned over to federal authorities for service of the federal sentence. [Record No. 3, Ex. K] This is consistent with 18 U.S.C. § 3585(a), and the Court finds no BOP error in its application.

Padgett also claims that the BOP should at least calculate his sentence as commencing on January 30, 1992, the date he was sentenced in federal court. According to Padgett, the trial court intended that the sentence begin to run immediately, as it stated, "I will remand the defendant to the custody of the United States Marshal pending transfer to the designated institution." [Record No. 3, Ex. G] However, this Court does not believe that the trial court's statement manifests any intent that Padgett's federal sentence was meant to begin to run at the conclusion of the sentencing hearing. In fact, Padgett's argument is directly contradicted by the trial judge's ruling that the sentence be served consecutive to any state or federal sentence, a ruling that was specifically included in the judgment. [*See* Record No. 3, Ex. J]

Additionally, with regard to prior custody credits under § 3585(b), Padgett fails to offer any factual support for his contention that federal custody was primary and began with his June 4, 1991 arrest by federal authorities. There is evidence, however, that the federal authorities considered that they were holding him *only* until the state could revoke the appeal bond. After the state did so (June 19, 1991), Padgett was released from federal detention into the custody of

state personnel who took him to the West Virginia Department of Corrections.[2]  The exhibits reveal that all activities in federal court thereafter were conducted pursuant to either a writ of habeas corpus *ad prosequendum* or what is described as a "production letter."  On the day of his appearance for sentencing, a notation indicates that the federal writ was received on that day.

Further, the district court docket establishes that, on October 4, 1991, Padgett moved for his temporary release to the custody of the USMS, presumably for preparation for trial.  Such a move would not have been necessary if Padgett was in federal custody.  Padgett also provides a copy of the USMS January 27, 1992 detainer, which was lodged with the McDowell authorities to assure his being turned over to the USMS by the State upon his release.  This action would also be unnecessary if Padgett was in federal custody.

Finally, although the Petitioner cites case law in support of his arguments, the cases he relies on are inapposite.  For example, although the petitioner received federal sentence credits for time served pursuant to the state's sentence in *Cozine v. Crabtree*, 15 F.Supp.2d 997 (D. Or. 1998), that court explained its use of equity as being appropriate "to ensure that defendants actually receive the benefit of their *concurrent* sentences."  *Id.* at 1004 (emphasis added).  In contrast, Padgett's judgment specifically provides that his sentence was to be served "consecutively."  Therefore, equitable relief is not warranted.  *See also Coccimiglio v. DeRosa*, 2006 WL 1897269, at *4 (D. Ariz. July 7, 2006) (the prisoner presenting facts similar to those herein and the Court distinguishing *Cozine*).

---

[2]     As previously noted, the BOP has given him prior custody credits toward his federal sentence for the June 4, 1991, to June 19, 1991, time period.

Accordingly, because the trial judge explicitly stated that Padgett's sentence was to run consecutive to any other federal or state sentences, and because Padgett has failed to offer any valid arguments in support of his contention that he is entitled to additional credits or an earlier commencement date, the BOP's computation of Padgett's sentence is proper. Therefore, the Court concludes that the Petitioner is not in custody in violation of the Constitution or laws or treaties of the United States and has failed to state a claim upon which  relief can be granted under 28 U.S.C. § 2241.

Being sufficiently advised, it is hereby

**ORDERED** that Petitioner Darrell L. Padgett's Petition for Writ of Habeas Corpus [Record No. 3] is **DENIED**.   This action is **DISMISSED**, *sua sponte*, and **STRICKEN** from the Court's active docket.  Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 30th day of January, 2008.

Signed By:

*Danny C. Reeves*   DCR

United States District Judge

-8-